UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARLOS PEREZ-CRISOSTOMO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:16-cr-00085-GZS |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 105.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute cocaine and cocaine base; the Court sentenced Petitioner to 121 months in prison. (Judgment, ECF No. 90.) The First Circuit affirmed. *United States v. Perez-Crisostomo*, 899 F.3d 73 (1st Cir. 2018).

Petitioner claims his attorney provided ineffective assistance of counsel by conceding the denial of a guideline reduction for acceptance of responsibility and failing to negotiate a favorable plea agreement. (Motion at 6–7.) The Government requests dismissal. (Response, ECF No. 114.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, deny Petitioner's request for relief, and dismiss Petitioner's motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following an investigation, which included the use of a wiretap, Petitioner was charged in March 2016 with conspiring to distribute cocaine and cocaine base. (Complaint, ECF No. 1; Information, ECF No. 42.)[1]  The charges were filed against Petitioner under the name Nelson Calderon. (*Id.*)  Petitioner pled guilty to the charge in November 2016. (Change of Plea Hearing, ECF No. 55.)  The Probation Office originally recommended that Petitioner be granted a guideline reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, but after it was discovered that Petitioner used the false name and background of Nelson Calderon, the Probation Office recommended against the § 3E1.1 reduction and for the application of an enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  (Revised Presentence Investigation Report ¶¶ 12, 13A) (PSR).  As a result, the original 70 to 87-month guideline sentencing range was increased to 121 to 151 months, and Petitioner's objection was preserved on that issue.  (PSR at 19.)

In September 2017, the Court adopted the Probation Office's guideline calculations and sentenced Petitioner to 121 months imprisonment to be followed by four years of supervised release. (Judgment, ECF No. 90; Sentencing Transcript at 14, 30–33.) Petitioner appealed based on the sentencing issues involving the § 3C1.1 reduction for acceptance of responsibility and the § 3E1.1 enhancement for obstruction of justice; in August 2018, the First Circuit upheld the sentence.  *United States v. Perez-Crisostomo*, 899 F.3d 73 (1st Cir. 2018).

---

[1] Petitioner waived his right to an indictment. (Waiver of Indictment, ECF No. 41.)

## DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28.

Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also*

4

*Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).  A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.  Guideline Reduction for Acceptance of Responsibility**

Petitioner acknowledges that counsel argued in favor of the guideline reduction for acceptance of responsibility despite the false name issue, but Petitioner argues his attorney provided ineffective assistance because the attorney "ended up conceding that [Petitioner] was not eligible" for the reduction and failed to cite relevant case law in favor of his

position.  (Reply at 12, ECF No. 115; Motion at 6, 12–14.)  The record does not support Petitioner's contention that his attorney conceded the issue.  Counsel appropriately did not dispute the fact that Petitioner used a false identity, but counsel argued that the Court should grant the reduction for acceptance of responsibility because Petitioner had long used the false identity and he did not adopt the identity to hinder the prosecution of this crime.  *See e.g.*, Sentencing Transcript at 11 ("that should not be . . . the cause of him losing acknowledgement credit which is an entirely independent thought process"); *Id.* at 12 ("I don't think it . . . diminishes his . . . acknowledgement of responsibility and I don't think he did it with a conscious motivation to fabricate").)  The Court was unpersuaded and concluded that it was not appropriate to award the reduction for acceptance of responsibility given Petitioner's efforts to maintain a false identity, which efforts the Court concluded constituted obstruction of justice.  (*Id.* at 14).

Despite the Court's decisions regarding the guideline issues, counsel continued to stress Petitioner's acceptance of responsibility while arguing for a substantially lower sentence of five years imprisonment.  Counsel admitted that "the case law sort of compels that when you grant an obstruction enhancement you really can't give the acknowledgment absent unusual circumstances," but he maintained that "this case could -- could allow that." (*Id.* at 24–25.)  The fact that the Court imposed a lengthier sentence than Petitioner's attorney sought does not demonstrate that the attorney's performance was deficient.

Petitioner identifies some cases from other circuits applying both the obstruction of justice enhancement and the acceptance of responsibility reduction.  (Motion at 12 n.2.)  Even if counsel had raised the authority Petitioner cites, there is no reasonable likelihood

that it would have made a difference at sentencing because the authority in no way undermines the Court's sound assessment of the legal issues, including that both adjustments only apply in "extraordinary circumstances." U.S.S.G. § 3E1.1, Application Note 4; *see also*, *United States v. Maguire*, 752 F.3d 1, 6 (1st Cir. 2014) (describing such circumstances as "hen's teeth rare").

Because Petitioner's attorney did not concede the issue and because there is no basis to conclude that additional arguments or citation to legal authority would have made a difference at sentencing, Petitioner has not established deficient performance or prejudice regarding the guideline reduction for acceptance of responsibility.

### C.     Failure to Negotiate a Plea Agreement

Petitioner claims his attorney provided ineffective assistance by failing to negotiate a favorable plea agreement that would have resulted in a more lenient sentence. (Motion at 7, 14–15.) Petitioner does not provide any evidence that the Government was amenable to such an agreement. Even if counsel had been able initially to negotiate a more favorable plea agreement, Petitioner does not explain how the agreement would have survived the subsequent discovery of the fact that he failed to provide the Government and the Court with his true identity. Petitioner thus has failed to establish that his attorney's performance was deficient or that Petitioner was prejudiced as a result.[2]

---

[2] Petitioner's other grounds for relief also lack merit. For example, Petitioner includes a vague list of rights violations evidently asserted in an attempt to "protect the record" in the event there was "a change in law or new facts or circumstances which come to light during the litigation of th[e] motion." (Motion at 9, 20.) Petitioner also asserts a ground based on cumulative error. (Motion at 8, 16–17.) "While trial errors which in isolation appear harmless may have a cumulative effect" great enough to establish prejudice, "cumulative-error analysis is inappropriate when a party complains of the cumulative effect of non-errors." *United States v. Stokes*, 124 F.3d 39, 43 (1st Cir. 1997).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and dismiss Petitioner's motion.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of April, 2021.